**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0109-19T1

J.N.,

    Plaintiff-Appellant,

v.

WEST WINDSOR PLAINSBORO
REGIONAL SCHOOL DISTRICT,
and WEST WINDSOR TOWNSHIP,

    Defendants-Respondents.

_____

        Argued telephonically July 15, 2020 –
        Decided July 31, 2020

        Before Judges Hoffman and Currier.

        On appeal from the Superior Court of New Jersey, Law
        Division, Mercer County, Docket No. L-1828-17.

        Michael H. Nieschmidt argued the cause for appellant.

        Jeffrey L. Shanaberger argued the cause for respondent
        West Windsor Plainsboro Regional School District
        (Hill Wallack LLP, attorneys; Jeffrey L. Shanaberger,
        on the brief).

Casey P. Acker argued the cause for respondent West Windsor Township (Lenox Law Firm, attorneys; Casey P. Acker, on the brief).

PER CURIAM

Plaintiff appeals from the July 26, 2019 orders granting defendants' motions for summary judgment and denying his cross-motion for summary judgment. We affirm.

While a junior at West Windsor Plainsboro High School South (school), plaintiff was a passenger in a car that was pulled over by the West Windsor Township police on a Saturday afternoon in February 2014. After the officer found drug paraphernalia in plaintiff's book bag, plaintiff was charged in a juvenile delinquency complaint with possession of drug paraphernalia, in violation of N.J.S.A. 2C:36-2.

Pursuant to N.J.A.C. 6A:16-6.2(b), the West Windsor Plainsboro Regional School District (District) and the West Windsor Township Police Department were parties to a memorandum of agreement (MOA) which contained a standing request by the District for relevant information concerning its students. The purpose of the MOA is "to ensure cooperation between law enforcement and education officials and ultimately to protect the educational environment."

A-0109-19T1

Therefore, on the Monday following the imposition of plaintiff's charge, the police contacted the District, specifically the school's principal, and disclosed the facts concerning the motor vehicle stop. Because plaintiff was a student-athlete, the principal informed the baseball coach about the traffic stop and subsequent charge.[1] After plaintiff complied with a court order requiring him to submit to a drug test and perform eight hours of community service, the juvenile delinquency complaint was dismissed in August 2014.

Several years later, plaintiff filed a complaint against defendants alleging a violation of his civil rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, because of the improper dissemination of his juvenile records. After defendants moved for summary judgment, plaintiff filed a cross-motion for summary judgment.

In a well-reasoned oral decision issued July 26, 2019, the trial court concluded that defendants had not violated plaintiff's civil rights. The judge noted that under N.J.S.A. 2A:4A-60(c)(3), law enforcement was permitted to release information regarding charges incurred by a juvenile to the principal of the school attended by the juvenile. In addition, the MOA stated: "The West

---

[1] All student-athletes were required to sign a contract agreeing to abide by a thirty-day suspension from competition if they were found possessing or using alcohol, tobacco or controlled substances.

Windsor Police Department agrees automatically to disclose to the principal this information regarding any juvenile delinquency charge filed . . . against any student enrolled in the school." Therefore, the court concluded plaintiff had no expectation of confidentiality. The judge granted defendants' motions for summary judgment and denied plaintiff's cross-motion.

On appeal, plaintiff argues the trial court: (1) improperly held the MOA superseded the controlling New Jersey statutes; (2) erred when it found defendants did not illegally disclose plaintiff's confidential juvenile information; (3) mistakenly found defendants' disclosure did not violate plaintiff's civil rights; and (4) incorrectly held defendants' disclosure did not violate plaintiff's constitutional right to equal protection under the law.

In our de novo review of an order granting summary judgment, we apply the same standard as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (citations omitted). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

A-0109-19T1

A juvenile is protected from the disclosure of his or her records under N.J.S.A. 2A:4A-60. However, when a juvenile is charged with an offense, N.J.S.A. 2A:4A-60(c)(3) carves out an exception for disclosure of the information to "the principal of the school where the juvenile is enrolled . . . ." The provision states:

> (c) At the time of charge, adjudication or disposition, information as to the identity of a juvenile charged with an offense, the offense charged, the adjudication and disposition shall, upon request, be disclosed to: . . . (3) On a confidential basis, the principal of the school where the juvenile is enrolled for use by the principal and such members of the staff and faculty of the school as the principal deems appropriate for maintaining order, safety or discipline in the school or to planning programs relevant to the juvenile's educational and social development, provided that no record of such information shall be maintained except as authorized by regulation of the Department of Education . . . .
>
> [N.J.S.A. 2A:4A-60(c)(3).]

In addition, N.J.S.A. 2A:4A-60(e) gives law enforcement discretionary authority to disclose juvenile information to schools, stating:

> Nothing in this section prohibits a law enforcement or prosecuting agency from providing the principal of a school with information identifying one or more juveniles who are under investigation or have been taken into custody for commission of any act that would constitute an offense if committed by an adult when the law enforcement or prosecuting agency determines that the information may be useful to the principal in

5

maintaining order, safety or discipline in the school or in planning programs relevant to the juvenile's educational and social development. Information provided to the principal pursuant to this subsection shall be treated as confidential but may be made available to such members of the staff and faculty of the school as the principal deems appropriate for maintaining order, safety or discipline in the school or for planning programs relevant to the juvenile's educational and social development. No information provided pursuant to this section shall be maintained.

[N.J.S.A. 2A:4A-60(e).]

Moreover, under N.J.A.C. 6A:16-6.1(a), "boards of education shall adopt and implement policies and procedures to ensure cooperation between school staff and law enforcement authorities . . . ." Under N.J.A.C. 6A:16-6.2(b)(13), "[s]chool district policies and procedures shall include . . . [a] memorandum of agreement with appropriate law enforcement authorities."

Section 5.2 of the District's MOA governs the disclosure of information when a juvenile is charged with an offense:

When a juvenile has been charged with an act of delinquency that if committed by an adult would constitute a crime or offense, it is requested and agreed pursuant to . . . N.J.S.A. 2A:4A-60(c)(1) and (3) that the West Windsor Police Department or County Prosecutor's Office shall promptly provide information as to the identity of the juvenile, the offense charged, the adjudication and the disposition to (1) the principal of any school that is the victim of the offense; (2) the principal of any school that employs the victim of the

offense; and (3) the principal of any school where the juvenile is enrolled.

Section 5.3 of the MOA authorizes police to provide information regarding juveniles under certain circumstances:

> Pursuant to the authority of N.J.S.A. 2A:4A-60(e), the West Windsor Police Department and/or the County Prosecutor's Office agree(s) to notify verbally the principal of the school at which the juvenile is enrolled where the juvenile is under investigation or has been taken into custody but has not been formally charged with the commission of any act that would constitute an offense if committed by an adult, provided that the West Windsor Police Department or the County Prosecutor's Office determines that the information may be useful in maintaining order, safety or discipline in the school or in planning programs relevant to the juvenile's educational and social development, and further provided that the sharing of information will not interfere with or jeopardize an ongoing investigation or prosecution of any person.

Plaintiff asserts the trial court erred in relying on N.J.S.A. 2A:4A-60(e) as support for the disclosure by police to the school of his juvenile charge. Plaintiff contends that prior to disclosure, the statute requires police to analyze whether a charge against a juvenile "may be useful to the principal . . . ."

In making this argument, plaintiff disregards the exception to disclosure articulated under N.J.S.A. 2A:4A-60(c)(3) and the District's MOA which specifically authorized and required police to provide information regarding any

charged juvenile to the principal of the juvenile's school. Therefore, the actions of police here complied with N.J.S.A. 2A:4A-60(c)(3) and was in response to the District's standing request established under Section 5.2 of the MOA.

We are satisfied the trial court did not err in finding defendants did not violate plaintiff's civil rights. As stated, the specific statutes granted authority for the actions taken here by law enforcement and school officials.

On appeal, for the first time, plaintiff asserts defendants' actions violated his right to equal protection under the law and New Jersey Constitution, Article I, Paragraph 1. This claim was not presented in plaintiff's complaint nor argued in the trial briefs. Plaintiff only fleetingly raised this argument during the oral argument before the trial court. We therefore decline to address the contention as it has not been properly presented to this court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citation omitted).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION